Canales-Portillo v. McHenry

BIA
Sichel, IJ
A205 519 352

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of February, two thousand twenty-five.

PRESENT:
> JON O. NEWMAN,
> RAYMOND J. LOHIER, JR.,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

NOEL DE JESUS CANALES-PORTILLO,

*Petitioner*,

v.                                                                     **23-6124**
                                                                       **NAC**

JAMES R. MCHENRY III, ACTING UNITED STATES ATTORNEY GENERAL,

*Respondent.*

_____

**FOR PETITIONER:**  Bruno J. Bembi, Hempstead, NY.

**FOR RESPONDENT:**  Brian M. Boynton, Principal Deputy Assistant Attorney General; Anthony C. Payne, Assistant Director; Abigail E. Leach, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Noel De Jesus Canales-Portillo, a native and citizen of El Salvador, seeks review of a January 26, 2023, decision of the BIA affirming a May 2, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Noel De Jesus Canales-Portillo*, No. A205 519 352 (B.I.A. Jan. 26, 2023), *aff'g* No. A205 519 352 (Immig. Ct. N.Y. City May 2, 2019).   We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and BIA's decisions "for the sake of completeness."  *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006).   We review factual findings under the substantial evidence standard and questions of law and application of law to fact de novo.  *See Yanqin Weng v. Holder*, 562 F.3d 510, 513

2

(2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An asylum applicant has the burden of proof. *Id.* § 1158(b)(1)(B)(i). "The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee. In determining whether the applicant has met [his] burden, the trier of fact may weigh the credible testimony along with other evidence of record. Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." *Id.* § 1158(b)(1)(B)(ii). The agency did not err in concluding that Canales-Portillo failed to meet his burden of proof given his credibility issues and lack of corroboration.

The agency reasonably found that an omission from Canales-Portillo's application undermined his credibility. He alleged that he was attacked twice by members of an opposing political party while campaigning for the Frente

3

Farabundo Marti Para La Liberacion Nacional ("FMLN") party, for which his father was a mayoral candidate. But his application omitted that he was threatened with a gun during one attack, as he testified before the IJ. CAR 99. "[A]n IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). Although we have cautioned the agency against relying on trivial omissions and inconsistencies and explained that "omissions are less probative . . . than inconsistencies created by direct contradictions," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 77–78 (2d Cir. 2018) (quotation marks omitted), an omission, like the one here, of a more serious incident from an application may "supply[] a basis for doubting veracity," *Singh v. Garland*, 6 F.4th 418, 428 (2d Cir. 2021). Nor did the agency err in rejecting Canales-Portillo's explanation that he had not verified the contents of his application because he initially swore to the contents and confirmed that the narrative statement had been read to him in Spanish and needed no changes or corrections. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to

4

secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

The agency also reasonably concluded that Canales-Portillo's lack of corroboration meant that he was unable to rehabilitate his credibility or independently meet his burden of proof, and that his inconsistent explanations for the lack of documentary evidence further undermined his credibility. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). In addition, "an applicant may be generally credible but his testimony may not be sufficient to carry the burden of persuading the fact finder of the accuracy of his claim of crucial facts if he fails to put forth corroboration that should be readily available." *Wei Sun v. Sessions*, 883 F.3d 23, 28 (2d Cir. 2018). As set forth above, "[w]here the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). "[T]he alien bears the ultimate burden of

5

introducing such evidence without prompting from the IJ." *Wei Sun*, 883 F.3d at 31 (quoting *Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009)).

The IJ identified missing documentary evidence and Canales-Portillo did not demonstrate that the evidence was unavailable. "No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4). Canales-Portillo testified that he was with his friend Dimas when he was first attacked in 2012, and that Dimas took him to the community clinic and then brought him home. But when asked why he did not have a written statement from Dimas, he confirmed there was no reason. *See Wei Sun*, 883 F.3d at 31. The IJ also identified a statement from Canales-Portillo's father and medical records from his visits to a clinic following his attacks as evidence that could have been submitted. And Canales-Portillo acknowledged that he was in regular contact with his father, then inconsistently testified that he could ask his father for a statement, that he already had, and that he did not think a statement was needed. Similarly, as to clinic records, Canales-Portillo opined that there might not be records, but ultimately confirmed that he did not know if there were,

6

reflecting that he had not attempted to obtain them. Finally, when asked why he did not have a letter from the FMLN about his work for his father's campaign and the attacks that resulted from those activities, Canales-Portillo essentially conceded that the evidence was available, but that he had not presented it.

In all these instances, Canales-Portillo failed to provide reasonably available evidence or adequately explain the absence of evidence that could have corroborated the events that were central to his claim. Given the credibility issues and the lack of corroboration, the agency did not err in concluding that Canales-Portillo failed to meet his burden of proof. *See* 8 U.S.C. § 1158(b)(1)(B)(ii), (iii); *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273; *Wei Sun*, 883 F.3d at 31. The burden finding is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief."); *Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010) (holding that applicant who fails to establish chance of harm for asylum "necessarily fails to demonstrate the" higher standards for withholding of removal and CAT relief").

For the foregoing reasons, the petition for review is DENIED.   All pending

motions and applications are DENIED and stays VACATED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court